UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CASE NO. 3:04-CR-00138(2)RM |
| ) | |
| LEROY F. MILLER ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

This matter is before the court on defendant Leroy Miller's motion to strike forfeiture allegation and for return of property (document # 131) and the government's motion for order of destruction (document # 134).

A jury found Mr. Miller guilty of aiding and abetting a felon's possession of firearms, 18 U.S.C. §§ 922(g)(1), 924(a)(2), because he made an assortment of weapons available to a convicted felon, Rick Fines, who was living in Mr. Miller's home. The indictment also included a count of forfeiture, stating that Mr. Miller "shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in the commission of the offense . . . ." The jury wasn't asked to return a verdict as to the forfeiture count and the parties never stipulated to disposition of that count.

Mr. Miller contends that the forfeiture wasn't filed in 120 days of seizure as 18 U.S.C. § 924(d)(1) requires; the firearms were seized on May 8, 2004 and the indictment wasn't filed until December 8, 2004. He contends that the forfeiture

allegation is untimely and must be stricken. The government responds that an administrative forfeiture was commenced within the time period specified by § 924(d)(1), but admits that the administrative forfeiture proceeding was invalid. The government asserts that the court isn't authorized to return the firearms and ammunition to Mr. Miller or anyone who will exercise control over them on his behalf because of his status as a convicted felon. The government asks that the firearms and ammunition seized on May 8, 2004 be destroyed.

ANALYSIS

Under 18 U.S.C. § 924(d)(1), "[a]ny action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred twenty days of such seizure." The 120 days limitation may be tolled by the filing of a civil forfeiture action, administrative forfeiture action or by the return of an indictment with a forfeiture count. *See* United States v. Misc. Firearms, Explosives, Destructive Devices, and Ammunition, 376 F.3d 709, 712 (7th Cir. 2004). Although the government commenced an administrative forfeiture action within a 120 days, the proceeding was invalid and no other forfeiture procedures were instituted.

One whose property has been seized is presumed to have a right to its return absent a showing by the government that it has a reasonable and legitimate reason to retain the property. *See In re* Search of the Office of Tylman, 245 F.3d 978, 980 (7th Cir. 2001). Federal Rule of Criminal Procedure 41(g)

"provides a mechanism by which criminal defendants may recover property seized by the Government." United States v. Stevens, 500 F.3d 625, 627-628 (7th Cir. 2007). That Rule provides:

> A person aggrieved by an unlawful search and seizure or by the deprivation of property may move for the property's return. . . . The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and it use in later proceedings.

The return of property under Rule 41(g) is an equitable remedy. *See* United States v. Sims, 376 F.3d 705, 707 (7th Cir. 2004) (citations omitted). The Rule can "be invoked after criminal proceedings have concluded to recover the defendant's property when the property is no longer needed as evidence — unless, of course, it has been forfeited in the course of those proceedings." Id. (*citing* Okoro v. Callaghan, 324 F.3d 488, 490 (7th Cir. 2003)). The parties cannot use Rule 41(g) to challenge administrative forfeiture findings since such suits would be civil, not criminal. *See, e.g.,* United States v. Sims, 376 F.3d at 707-708. Rule 41(g) doesn't authorize a suit for damages. *See* Okoro v. Callaghan, 324 F.3d at 491.

Mr. Miller doesn't contend that the firearms or ammunition were unlawfully seized, but instead argues that he was denied due process because the government didn't follow the appropriate forfeiture procedure. The parties agree that the administrative forfeiture was invalid and the government still has the seized items, so the court reviews Mr. Miller's motion as part of the criminal proceeding pursuant to Rule 41(g). As noted below, however, it may be more appropriate for Mr. Miller to raise his claim in a civil suit for damages. Because

Mr. Miller is a convicted felon and so can't lawfully possess guns and ammunition, the court will not authorize the return of these items to him or to his designee. The remaining issue is whether the firearms and ammunition should be destroyed or sold by the government with the proceeds to be returned to Mr. Miller.

Our court of appeals hasn't addressed this issue, but other circuits have. The Eleventh Circuit has found destruction of the firearms to be proper. In United States v. Howell, 425 F.3d 971, 972-973 (11th Cir. 2005), the defendant pleaded guilty to conspiracy to distribute cocaine and during investigation of this crime, authorities seized several firearms found at the defendant's residence. After sentencing, the defendant filed a Rule 41(g) motion for the return of the seized property. Id. at 973. The court found that it had no authority to return the guns to a convicted felon. Id. (*citing* 18 § U.S.C. 922(g)). "Requiring a court to return firearms to a convicted felon would not only be in violation of a federal law, but would be contrary to the public policy behind the law." Id. at 976. Alternatively, the defendant requested that the guns be given to a relative in trust or sold with the proceeds to be distributed to him. Id. at 976-977. The court denied this request as well, reasoning that constructive possession is also unlawful under § 922(g). Id. at 977. The court stated:

> The fact that the defendant was in lawful possession and was not a convicted felon when he acquired the three firearms is irrelevant. 18 U.S.C. § 922(g) was specifically designed to serve public policy and prevent convicted felons from having either constructive or actual possession of firearms. This statute was designed to work retroactively, and once an individual becomes a felon, he will be in violation of 18 U.S.C. § 922 if found to be in possession of a firearm.

4

> Obviously, the courts cannot participate in a criminal offense by returning firearms to a convicted felon.

Id. (footnote omitted). *See also* United States v. Pawlik, 2008 WL 2184400, at *2 (D. Idaho 2008) (no evidentiary hearing is required where the person seeking a return of the property isn't lawfully entitled to own or possess the property).

The Eighth Circuit also found that one convicted of unlawful firearm possession isn't entitled to a return of the seized guns. *See* United States v. Felici, 54 F.3d 504, 505 (8th Cir. 1995) and United States v. Felici, 208 F.3d 667 (8th Cir. 2000). The court concluded that "[b]ased on [the defendant's] status as a convicted felon, the district court could properly conclude without receiving evidence that [the defendant] is not entitled to a return of the firearms," nor is he "entitled to have the firearms held in trust for him by a third party." United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000). This is because any possession, "actual or constructive, by a convicted felon is prohibited by law." Id. The district court, therefore, could deny the defendant's motion for the return of his firearms without receiving additional evidence. Id.

The Fifth Circuit has taken a different approach, finding in an action brought pursuant to 42 U.S.C. § 1983, that the defendant had a property right to the firearms. In Cooper v. City of Greenwood, Miss., 904 F.2d 302, 304 (5th Cir. 1990), the defendant was indicted for felon in possession in violation of what is now § 922(g) after the Greenwood city police seized firearms in his building. The City of Greenwood, without following forfeiture procedures, sold the firearms. Id. The government argued that the defendant's legal incapacity to possess the

firearms rendered a forfeiture proceeding an empty and needless formality. Id. The court disagreed.

The Cooper v. City of Greenwood court reasoned that § 924 required forfeiture proceedings to commence within 120 days of seizure. Id. at 305-306. Even if the defendant's "challenge to the constituent elements of a § 924(d) forfeiture action would have received a summary rejection because of his criminal conviction," he was still "entitled to [his] day in court." Id. at 306. The court explained that "[a]lthough his chances of success might have been minimal, he nonetheless had the right to apply. Appellees' actions vitiated that entitlement." Id. The court noted that while the firearms couldn't be returned to the defendant, BATF regulations provided that the property could be sold for the account of a claimant. Id. *See also* United States v. Posey, 217 F.3d 282 (5th Cir. 2000) (applying the reasoning in Cooper in finding that the government wasn't entitled to dispose of the firearms); *compare* United States v. Approximately 627 Firearms, 589 F. Supp. 2d 1129, 1140 (S.D. Iowa 2008) (finding that where the defendant was lawfully in possession of the firearms at the time they were seized he could recover the proceeds from their sale).

This court agrees with the government and those cases finding that this court cannot order the return of the firearms and ammunition to a convicted felon or someone whom he designates. This constitutes actual or constructive possession and is a violation of § 922(g). The court further finds the reasoning in United States v. Howell persuasive and concludes that Mr. Miller isn't entitled to

the proceeds from a sale of the firearms. Even though Mr. Miller may have been in lawful possession of the firearms at the time they were seized, his use of the firearms was illegal once he allowed Mr. Fines access to them. Rule 41(g) is an equitable remedy and the court doesn't find that equity weighs in favor of ordering the government to sell firearms on behalf of a convicted felon, especially when those firearms were the subject of the defendant's criminal activity. The Fifth Circuit court's decision in <u>Cooper v. City of Greenwood</u> is distinguishable: <u>Cooper</u> involved an action brought pursuant to 42 U.S.C. § 1983 for damages, not a motion for return of property in a criminal proceeding. The defendant's motion might be more appropriately raised as a 42 U.S.C. § 1983 civil action for the firearms' value.

The government derives its authority to destroy the firearms from the "All Writs Act," set forth at 28 U.S.C. § 1651. *See also* <u>United States v. Oleson</u>, No. 01-CR-21, 2008 WL 2945458, at *1 (N.D. Iowa 2008). Accordingly, the court DENIES the defendants' motion for return of property (Doc. # 131) and GRANTS the government's motion for order of destruction (Doc. # 134).

SO ORDERED.

ENTERED   April 28, 2009

      /s/ Robert L. Miller, Jr.
      Chief Judge
      United States District Court

cc: L. Miller